# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 4325 | **DATE** | 08/5/2008 |
| **CASE TITLE** | Derrick Austin (R-06433) v. Andrews, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to file *in forma pauperis* [3] is granted. The Clerk shall send a copy of this order to the trust fund officer at Stateville Correctional Center. However, the complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and Fed. R. Civ. P. 12(b)(1) for failure to state an actionable federal claim. The case is terminated. This dismissal counts as one of Plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g).

■ [For further details see text below.]    Docketing to mail notices.

## STATEMENT

Plaintiff, Derrick Austin, presently an inmate at Stateville Correctional Center, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that following his arrest for escape and violation of electronic monitoring, he was improperly placed in the maximum security division of Cook County Jail

Plaintiff seeks to bring this suit *in forma pauperis*. According to the statement submitted with his *in forma pauperis* application, Plaintiff has neither available funds nor means to pay the initial partial filing fee required by 28 U.S.C. § 1915(b)(1). As 28 U.S.C. § 1915(b)(4) requires that a prisoner not be prohibited from bringing suit because of inability to pay, the initial partial filing fee is waived. The trust fund officer at the correctional facility where Plaintiff is confined is authorized to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Il. 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt review of the complaint.

Plaintiff alleges that on March 15, 2008, he was charged with possession of a stolen motor vehicle and placed in Cook County Jail. Subsequently, Plaintiff was put under house arrest. On April 2, 2008, Plaintiff was arrested for escape and violation of his electronic monitoring and placed in Cook County Jail. Following his second arrest, Plaintiff was placed in the maximum security division of Cook County Jail. At some point during his incarceration at Cook County Jail, Plaintiff was moved from the maximum security division but was placplaced in the law library he is given access to at the Will County Adult Detention Center is inadequate, he

JJD

**STATEMENT**

placed back into maximum security division at least one more time before he was transferred to Stateville Correction Center (the Court takes judicial notice from the Illinois Department of Corrections website that indicates that Plaintiff is presently incarcerated at Stateville Correctional Center and that Plaintiff was convicted of escape and violation of his electronic monitoring under Cook County criminal case number 08 CF 0716301 ).

Plaintiff has no cause of action under 42 U.S.C. § 1983 with respect to his security classification and placement in the maximum security division of Cook County Jail. Plaintiff's heightened security status, in a maximum security division with its concomitant restrictions, did not violate his constitutional rights. It is well-settled that prison inmates do not have a protected interest in a particular security classification. *See Sandin v. Conner*, 515 U.S. 472, 486 (1995) (in the prison context, liberty interests are limited to freedom from restrictions that are "atypical and significant in relation to the ordinary incidents of prison life"). The Court of Appeals for this circuit has repeatedly held that being placed in disciplinary or administrative segregation "is too trivial an incremental deprivation of a convicted prisoner's liberty to trigger the duty of due process." *Holly v. Woolfolk*, 415 F.3d 678, 679 (7th Cir. 2005); *see also Paige v. Hudson*, 341 F.3d 642, 643 (7th Cir. 2003); *Montgomery v. Anderson*, 262 F.3d 641, 643 (7th Cir. 2001). An inmate has no liberty interest in remaining in the general prison population. *Williams v. Ramos*, 71 F.3d 1246, 1248 (7th Cir. 1995).

Furthermore, Plaintiff's placement in a high security division appears to be justified based on his arrest and ultimate conviction of escape and violation of electronic monitoring.

Further review of Plaintiff's complaint reveals no other cause of action under 42 U.S.C. § 1983. While Plaintiff alleges that placement in the maximum security division placed him in fear, he alleges no physical injury. Even in constitutional torts, there is no tort without injury. *Janmark, Inc. v. Reidy*, 132 F.3d 1200, 1202 (7th Cir. 1997); *Niehus v. Liberio*, 973 F.2d 526, 532 (7th Cir. 1992) (collecting cases). " 'No harm, no foul' is a maxim of the law of torts (in legal rather than sports lingo: there is no tort without injury). This maxim is equally apt in administering the apparatus for seeking compensation after a tort." *Kanar v. U.S.,* 118 F.3d 527, 531 (7th Cir. 1997). Furthermore, as Purvin points out, an inmate generally cannot recover compensatory damages without physical injury. Title 42, United States Code, Section 1997e(e) provides that "[n]o Federal civil action may be brought by a prisoner . . . for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e); *see also Zehner v. Trigg*, 133 F.3d 459, 462-63 (7th Cir. 1997) (upholding as constitutional the PLRA limitation that forbids recovery for mental or emotional damages without a prior showing of physical injury).

In addition, Plaintiff's complaint appears moot, as Plaintiff seeks to be returned to the minimum security division of Cook County Jail, in which he is no longer housed (the Illinois Department of Corrections website indicates that Plaintiff was transferred to Stateville Correctional Center on July 7, 2007 – Plaintiff's complaint indicates that it was drafted on June 19, 2008).

For the foregoing reasons, this suit is dismissed for failure to state a claim for which relief can be granted.

Plaintiff is warned that if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

If Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(c). If Plaintiff does choose to appeal, he will be liable for the $255 appellate filing fee irrespective of the outcome of the appeal. *Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, the plaintiff may also accumulate another "strike."